JARRETT S. CHARO
**Jarrett Charo, APC**
4079 Governor Dr., #1018
San Diego, California 92122
Telephone: (619) 350-3334
Email: jcharo@charolaw.com".

EDWARD Y. KROUB
NAOMI JAWAHAR (*pro hac vice* forthcoming)
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
Telephone: (929) 575-4175
Facsimile: (929) 575-4195

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SMITH,<br><br>Plaintiff,<br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC,<br><br>Defendant. | Civil Action No.: _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Andrew Smith ("Plaintiff") brings this action against defendant Experian Information Solutions, Inc. ("Experian" or "Defendant") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action to recover damages for violations of the fair credit reporting act ("FCRA"), 15 U.S.C. §1681, *et seq*. Defendant Experian has been reporting inaccurate account balance and amount past due information on plaintiff's credit reports. Although plaintiff disputed the reporting in writing, Experian failed to investigate plaintiff's claims and failed to remove the misleading information.

2. To make matters worse, Experian then penalized plaintiff for submitting a dispute by changing key dates on plaintiff's Barclays Bank Delaware ("Barclays") account to make an old delinquency appear more recent. Specifically, defendants changed the "date of status" field on the Barclays account from May 2020 to June 2020. The date of status field, however, informs prospective creditors of the date a delinquency occurred, and reflects a static date that should not change. Defendants thus made it appear that plaintiff's delinquencies occurred more recently, which adversely affected plaintiff's credit score.

3. Plaintiff was later denied an extension of credit based on information contained in plaintiff's Experian report, and has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, plaintiff is entitled to damages.

**JURISDICTION AND VENUE**

4. The claims asserted in this complaint arise under §1681e and §1681i of the FCRA. This court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

5. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

**PARTIES**

6. Plaintiff resides in Oakland, California, and qualifies as a "consumer" as that term is defined under 15 U.S.C. §1681a(c). Plaintiff is an individual.

7. Defendant Experian is a foreign corporation that regularly conducts business in this judicial district. Experian qualifies as a "consumer reporting agency" under the FCRA.

//

# SUBSTANTIVE ALLEGATIONS

**The FCRA**

8. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports. Thus, congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. §1681a.

9. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

10. In addition, credit bureaus must promptly notify the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

11. Experian compiles, maintains, and reports information concerning plaintiff's creditworthiness, credit-standing, credit capacity, character, and reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

12. Plaintiff has a legally protected interest in defendant fulfilling its duties under the FCRA.

**Defendant Violated the FCRA by Reporting Inaccurate Information on Plaintiff's Credit Reports, and Subsequently Failed to Investigate and Correct the Inaccurate Information**

13. Defendant sold credit reports containing inaccurate amount past due information plaintiff's Barclays account. Specifically, defendant reported an amount past due on the account that was inconsistent with the outstanding balance on the account at the time it was charged off. This reporting was materially misleading because it created the false impression that plaintiff's account was currently open and adversely affected plaintiff's credit score.

14. On December 7, 2020, plaintiff sent a letter to defendant disputing the accuracy of the reporting. The dispute letter also asked Experian to verify the date the account was opened, the date of status, and the date the account was first reported.

15. The receipt of plaintiff's dispute letter triggered Experian's obligation to conduct an investigation and correct the reporting. Experian, however, failed to conduct an investigation and failed to correct the reporting.

16. To make matters worse, Experian changed the "date of status" field and payment history grid on plaintiff's credit report from May 2020 to June 2020 to make plaintiff's past delinquency appear more recent.

17. Those fields, however, reflects static dates that should never change. By re-aging the account to reflect a more recent delinquency, defendants adversely affected plaintiff's credit score and perceived creditworthiness.

18. Plaintiff was later denied the extension of further credit on the basis of the inaccurate reporting.

**Experian Failed to Maintain Adequate Policies and Procedures**

19. Experian systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to ensure the maximum possible accuracy of the information in the consumer background reports it published.

20. Upon receiving plaintiff's dispute, defendant was legally required, but failed, to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

21. Accordingly, plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to plaintiff's consumer background reputation and overall credit score, by missing opportunities, and by being denied the ability to procure additional credit.

//

# CAUSES OF ACTION

## COUNT I

**Against Experian for Violations of the FCRA, 15 U.S.C. §1681e and §1681i**

22. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

23. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports.

24. Upon receiving a consumer's dispute, credit reporting agencies are legally required to conduct an investigation and correct the disputed information contained in the report.

25. Experian failed to follow reasonable procedures to ensure the maximum possible accuracy of the information reported on plaintiff's credit reports.

26. Although plaintiff disputed the inaccurate information in writing, Experian willfully, or at least negligently, failed to perform a reasonable investigation and failed to remove the inaccurate information.

27. Experian's willful and/or negligent failure to follow reasonable policies and procedures, failure to perform a reasonable investigation and failure to remove the inaccurate information was a direct and proximate cause of plaintiff's injury.

28. Experian also failed to maintain adequate procedures to ensure that improper changes were not made to plaintiff's credit report.

29. As a result of Experian's statutory violations, plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §1681n and §1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 9, 2021                    Respectfully Submitted,

**JARRETT CHARO, APC**
JARRETT S. CHARO

*/s/ Jarrett S. Charo*
JARRETT S. CHARO
4079 Governor Dr., #1018
San Diego, California 92122
Telephone: (619) 350-3334

**COHEN & MIZRAHI LLP**
EDWARD Y. KROUB
MOSHE O. BOROOSAN (*pro hac vice* forthcoming)
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
Telephone: (929) 575-4175
Facsimile: (929) 575-4195

*Attorneys for Plaintiff*